IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CR-52-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CARNELL RANDALL WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

On November 14, 2012, pursuant to a written plea agreement, Carnell Randall White ("White") pleaded guilty to conspiracy to possess with the intent to distribute 100 grams or more heroin. See [D.E. 94, 97]. On April 18, 2013, the court held White's sentencing hearing. See [D.E. 135, 136]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated White's total offense level to be 34, his criminal history category to be III, and his advisory guideline range to be 188 to 235 months' imprisonment. See Resentencing Report. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced White to 120 months' imprisonment. See id.; [D.E. 136]. White did not appeal.

On May 21, 2015, White moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 141]. White's new advisory guideline range is 151 to 188 months' imprisonment, based on a total offense level of 32 and a criminal history category of III. See Resentencing Report. White requests a 97-month sentence. See id.; [D.E. 141].

The court has discretion to reduce White's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam)

(unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce White's sentence, the court finds that White engaged in serious criminal behavior. See PSR [D.E. 132] ¶¶ 13–22. Moreover, White is a recidivist and has convictions for possession of cocaine, possession of marijuana, second degree trespass, and conspiracy to sell and deliver a schedule I controlled substance. See id. ¶¶ 25–28. White also has performed poorly on supervision and has a spotty work history. See id. ¶¶ 25, 26, 31, 40–44. White has taken some positive steps while incarcerated on his federal sentence, but he has been sanctioned for giving or accepting money without authorization. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that White received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing White's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies White's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES White's motion for reduction of sentence [D.E. 141].

SO ORDERED. This 15 day of May 2018.

JAMES C. DEVER III
Chief United States District Judge

2